# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KEVIN CAHILL,                              )
                                           )
        Plaintiff,                    )
                                           )
v.                                         )          No. 4:12-CV-677 CAS
                                           )
ST. LOUIS COUNTY JAIL, et al.,             )
                                           )
        Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint.  Plaintiff filed this action pursuant to 42 U.S.C. § 1983.  However, the requested relief appears to lie in habeas corpus. Plaintiff seeks an order from the Court "adjust[ing] the jail time credit" for either a state or federal sentence, and he seeks an order reducing his sentence under Rule 35.  Plaintiff does not seek other relief.

It is unclear whether plaintiff is in state or federal custody as of the date of this Order.  It appears that he may be en route to a federal facility.

The relief plaintiff seeks is not cognizable under § 1983.  If plaintiff wishes to challenge his continued confinement in a state prison, he must seek relief pursuant to 28 U.S.C. § 2254.  If plaintiff seeks to challenge the manner in which the federal Bureau of Prisons has calculated his time credits, he must seek relief under 28 U.S.C. § 2241 in the district where the BOP facility is located. If plaintiff wishes to receive relief under Rule 35, he must file a timely motion in his federal criminal case.

This Court may only retain jurisdiction over this action if plaintiff is seeking relief under § 2254 and the jurisdictional requirements under the statute are met.  As a result, the Court will give

plaintiff the opportunity to reclassify this action as coming under § 2254.  See, e.g., Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).  If plaintiff wishes to do so, he must timely file a petition for writ of habeas corpus under § 2254 in accordance with the terms of this Order.

Plaintiff is warned that if he consents to the classification of the instant filing as a motion under § 2254, any future § 2254 motions will be subject to the restrictions on filing second or successive motions.  That is, plaintiff will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A).  Furthermore, plaintiff is warned that § 2254 motions are subject to a one-year limitations period.  See 28 U.S.C. § 2244(d).

If plaintiff does not wish to reclassify this action under § 2254, or if he does not respond to this Order within the time allowed, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must notify the Court in writing, no later than thirty (30) days from the date of this Order, whether he wishes to reclassify this action as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff copies of the Court's Petition for Writ of Habeas Pursuant to 28 U.S.C. § 2254 form and Motion to Proceed In Forma Pauperis – Habeas Cases form.

**IT IS FURTHER ORDERED** that if plaintiff desires to reclassify this action as coming under § 2254, he must complete the Court's § 2254 form and return it to the Court within thirty (30) days of the date of this Order.

2

**IT IS FURTHER ORDERED** that if plaintiff submits a § 2254 petition, he must also file a motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that if plaintiff does not wish to reclassify this action under § 2254, or if he does not respond to this Order within thirty (30) days of its date, the Court will dismiss this action without further proceedings.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of April, 2012.